# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VALDIVIA,<br><br>        Plaintiff,<br><br>   v.<br><br>W.R. WILLIAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01078-SMS PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1) |

**I.     Screening Requirement**

Plaintiff Carlos Valdivia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 25, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff alleges that on April 24, 2008, he was cited for masturbating without exposure.[1] Plaintiff alleges that he was merely scratching his upper thigh because he had an itch in the area. Plaintiff was placed in administrative segregation unit on the same day. A hearing took place on May 8, 2008, where Plaintiff pled not guilty. Plaintiff was found guilty and assessed 60 days forfeiture of credit. Plaintiff filed an inmate grievance on May 28, 2008. On July 7, 2008, Plaintiff's inmate grievance was returned to him for failing to include any evidence of a due process violation. Plaintiff alleges that the false disciplinary report and the denial of his subsequent inmate grievance violated his right to due process and constituted cruel and unusual punishment. Plaintiff seeks relief from Defendants Captain Williams, Sergeant Green, Jurado, Lieutenant Perry, Huckabay, Herrera, and Martinez.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (citing to Heck v. Humphrey, 512 U.S. 477 (1994). Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas,

---

[1] Plaintiff was found guilty of violating Calif. Code of Reg. Title 15 § 3007, which states:

Inmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws which remove legal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts.

2

opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.[2]

In addition, Plaintiff has neither a liberty interest nor a substantive right in appeals. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Prisoners do not have a liberty interest in processing of appeals because there is no entitlement to a specific grievance procedures. see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, Plaintiff fails to state a due process claim against Defendants for refusing to process his appeal.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The deficiency is not curable through amendment, and this action is HEREBY DISMISSED, without prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 30, 2009**                    **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] In addition, Plaintiff has alleged no facts demonstrating that he was denied any of the procedural protections he was due under federal law. Given that Plaintiff's claim is barred, the Court does not reach this deficiency.